UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>Defendant. | Case No. 23-cv-01606-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 26 |

Before the Court is the Federal Deposit Insurance Corporation's ("FDIC") motion for summary judgment. ECF No. 26. The Court will grant the motion.

## I. PROCEDURAL BACKGROUND

This case arises out of Defendant Michael Rothenberg's loans from Silicon Valley Bank ("SVB"). To recover its unpaid loans, SVB filed a complaint against Rothenberg and Rothenberg Ventures, LLC ("RVMC") on February 13, 2019, in Santa Clara Superior Court. Complaint, *Silicon Valley Bank v. Rothenberg*, No. 19-cv-343267 (Cal. Super. Ct. Feb. 13, 2019) (ECF No. 1-1 at 8–20).

SVB originally alleged five causes of action—three breach of contract claims against Rothenberg based on his failure to repay three loans, and two breach of written guaranty claims against RVMC. *Id.* On August 18, 2021, SVB requested, and the Superior Court granted, dismissal of its claims against RVMC. Request for Dismissal, *Silicon Valley Bank v. Rothenberg*, No. 19-cv-343267 (Cal. Super. Ct. Aug. 18, 2021) (ECF No. 1-3 at 7). Therefore, the only causes of action that remain are against Rothenberg personally and are the subject of this motion for summary judgment.

On March 10, 2023, the California Department of Financial Protection and Innovation

closed SVB and appointed the FDIC as SVB's receiver.[1]  ECF Nos. 27-1, 27-2.  As receiver, the FDIC succeeded to SVB's rights and liabilities, including SVB's status as the Plaintiff in this action.  12 U.S.C. §§ 1821(d)(2)(A) and (B); *see also* ECF No. 26-5 ¶ 2.

On April 4, 2023, the FDIC filed a notice of removal in this Court pursuant to 12 U.S.C. § 1819(b)(2)(B).  As receiver for SVB, the FDIC now moves for summary judgment on the three breach of contract claims against Rothenberg.  ECF No. 26.  Rothenberg has not filed an opposition or a statement of non-opposition as required by Civil Local Rule 7-3.

## II.   UNDISPUTED FACTS

The FDIC brings three breach of contract claims against Rothenberg arising out of his failure to repay the SVB loans when due.  The following facts are undisputed.

### A.   Loan Agreement No. 1

On August 11, 2014, pursuant to a written agreement titled "Promissory Note," SVB lent Rothenberg $300,000 ("Loan Agreement No. 1").  ECF No. 26-3 at 8–10.

Under the terms of Loan Agreement No. 1, Rothenberg would be in default if he "fail[ed] to make any payment when due under this Note," or if he "[broke] any promise made to Lender or fail[ed] to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan . . . with Lender."  *Id.*  Upon default, SVB could "declare the entire unpaid principal balance under [the] Note and all accrued unpaid interest immediately due."  *Id.* at 8–9.  Loan Agreement No. 1 also required Rothenberg to pay the lender's attorney's fees and costs in the event of his nonpayment.  ECF No. 26-3 at 9.

Loan Agreement No. 1 provided that the loan would mature on August 11, 2017, and Rothenberg would be required to "pay [the] loan in one payment of all outstanding principal plus all accrued unpaid interest."  *Id.* at 8.  However, Rothenberg failed to repay the loan on August 11, 2017.  *Id.* ¶ 7.  Rothenberg's only payment was on December 1, 2017, in the amount of $1,458.54,

---

[1] The FDIC requests that the Court take judicial notice of two exhibits: two Orders by the Commissioner of the California Department of Financial Protection and Innovation, ECF Nos. 27-1, 27-2.  Rothenberg does not object.  The exhibits concern matters of public record and are proper subjects of judicial notice.  *See United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

1   which was applied to accrued interest, leaving an outstanding principal balance of $298,662.33.
2   *Id.* ¶ 8.
3         On September 26, 2018, SVB made a written demand on Rothenberg for payment of the
4   outstanding principal of Loan Agreement No. 1.  ECF No. 26-2 ¶ 6, *see also* ECF No. 26-2 at 6.
5   Rothenberg failed to make any further payments.  *Id.* ¶ 7.

### B. Loan Agreement No. 2

      On February 26, 2015, pursuant to a written agreement titled "Credit Agreement and Disclosure," Rothenberg received a non-revolving line of credit—that is, SVB lent Rothenberg $562,500 ("Loan Agreement No. 2").  ECF No. 26-3 at 16–20.

      Under the terms of Loan Agreement No. 2, Rothenberg would be in default if he "fail[ed] to pay a Minimum Payment when due and [did] not cure such payment failure within thirty (30) days," or if he "violate[d] any provision of [the] Agreement or any other financial agreement with [the bank] in any material respect."  *Id.* at 18.  Loan Agreement No. 2 provided that at the time of default, the "entire unpaid balance of [the] Credit Line Account [would] be immediately due and payable" in addition to all other charges due under the Agreement.  *Id.*  Like Loan Agreement No. 1, Loan Agreement No. 2 required Rothenberg to pay the lender's attorney's fees and costs in the event of nonpayment.  ECF No. 26-3 at 18.

      The loan matured on February 26, 2018, at which time "[a]ll indebtedness under th[e] Agreement . . . [became] due and payable."  *Id.* at 16.  Rothenberg failed to repay the loan.  *Id.* ¶ 18.

      Rothenberg's only payment was on December 22, 2017, in the amount of $2,692.06, a portion of which was applied to accrued interest, leaving an outstanding principal balance of $551,249.34.  *Id.* ¶ 19.  On September 26, 2018, SVB made a written demand on Rothenberg for payment of the outstanding principal of Loan Agreement No. 2.  ECF No. 26-2 ¶ 10, *see also* ECF No. 26-2 at 8.  Rothenberg failed to make any further payments.  *Id.* ¶ 11.

### C. Loan Agreement No. 3

      On December 17, 2015, pursuant to a written agreement titled "Credit Agreement and Disclosure," Rothenberg received a non-revolving line of credit—that is, SVB lent Rothenberg

1   $750,000 ("Loan Agreement No. 3"). ECF No. 26-3 at 27–30.

2   Under the terms of Loan Agreement No. 3, Rothenberg would be in default if he "fail[ed] to pay a Minimum Payment when due and [did] not cure such payment failure within thirty (30) days," or if he "violate[d] any provision of this Agreement or any other financial agreement with [the bank] in any material respect." *Id.* at 29. Loan Agreement No. 3 provided that at the time of default, the "entire unpaid balance of [the] Credit Line Account [would] be immediately due and payable" in addition to all other charges due under the Agreement. *Id.* Loan Agreement No. 3 also required Rothenberg to pay the lender's attorney's fees and costs in the event of his nonpayment of the loan. ECF No. 26-3 at 29.

Rothenberg's only payment was on December 22, 2017, in the amount of $3,426.37, a portion of which was applied to accrued interest, leaving an outstanding principal balance of $749,999.77. ECF No. 26-3 ¶ 28. Due to Rothenberg's delinquency on Loan Agreement No. 1, "SVB charged-off the remaining loans Rothenberg had with SVB, including Rothenberg Loan No. 3." ECF No. 26-3 ¶ 29. On September 26, 2018, SVB made a written demand on Rothenberg for payment of the outstanding principal of Loan Agreement No. 3. ECF No. 26-2 ¶ 14, *see also* ECF No. 26-2 at 10. Rothenberg failed to make any further payments. *Id.* ¶ 15.

## III. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## IV. LEGAL STANDARD

A party is entitled to summary judgment "only if, taking the evidence and all reasonable inferences in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020) (quoting *Tauscher v. Phx. Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019)). A dispute is genuine only if there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where, as here, the party moving for summary judgment would bear the burden of proof at

4

trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Nissan Fire & Marine Ins. Cos.*, *Ltd. v. Fritz Cos.*, *Inc.*, 210 F.3d 1099, 1102–1103 (9th Cir. 2000). If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## V.     DISCUSSION

Rothenberg has not filed an opposition or a statement of non-opposition to the FDIC's motion, as required by Civil Local Rule 7-3. While the Court may not grant the FDIC's motion simply because it is unopposed, the Court may grant the motion if the FDIC's submissions are sufficient to support the motion and do not reveal a genuine issue of material fact. *See J&J Sports Prods., Inc. v. Parayno*, No. 11-CV-05424-JST, 2013 WL 5800587, at *2 (N.D. Cal. Oct. 28, 2013) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)).

Under California law, "[t]o prevail on a cause of action for breach of contract, the plaintiff must prove (1) the [existence of a] contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

### A.     Loan Agreement No. 1

The Court finds that the FDIC has proved each element of a breach of contract action with respect to Loan Agreement No. 1.

First, the FDIC has demonstrated that there is a signed written contract between Rothenberg and SVB for a $300,000 loan. *See* ECF No. 26-3 at 8–10. Second, the FDIC avers that SVB has performed all its obligations under Loan Agreement No. 1. *Id.* ¶ 10. That assertion is supported by account statements reflecting that SVB advanced the principal amount of $300,000 to Rothenberg. *Id.* at 12; ECF No. 26-3 ¶ 5. Third, with respect to Defendant's breach, as described above, the FDIC has shown that when Loan Agreement No. 1 matured on August 11, 2017, Rothenberg failed to repay the loan. *Id.* ¶ 7. Furthermore, bank statements show that

1  Rothenberg made only one payment in the amount of $1,458.54 on December 1, 2017, and failed
2  to make any other payments even after written demands from the bank. *Id.* ¶ 8; ECF No. 26-2 ¶¶
3  6–7. Finally, the FDIC states that "[a]s a direct and proximate result of Rothenberg's breach of his
4  obligations under [] Loan Agreement No. 1, SVB has been damaged, at least in the amount of
5  $298,662.33." ECF No. 26-3 ¶ 11.

Accordingly, the Court finds that there is no genuine issue of material fact as to any of the elements for breach of contract with respect to Loan Agreement No. 1. The FDIC is entitled to summary judgment in its favor on the first breach of contract action against Rothenberg and to damages in the principal sum of $298,662.33.

### B. Loan Agreement No. 2

The Court finds that the FDIC has proved each element of a breach of contract action with respect to Loan Agreement No. 2.

First, the FDIC has demonstrated that there is a signed written contract between Rothenberg and SVB for a $562,500 loan. ECF No. 26-3 at 16–20. Second, the FDIC avers that SVB has performed all its obligations under Rothenberg Loan Agreement No. 2. *Id.* ¶ 21. The statement is supported by account statements reflecting that SVB advanced the principal amount of $562,500 to Rothenberg. *Id.* at 23; ECF No. 26-3 ¶ 13. Third, with respect to Defendant's breach, as described above, the FDIC has shown that when Loan Agreement No. 2 matured on February 26, 2018, Rothenberg failed to repay the loan. *Id.* ¶ 17. That is, bank statements show that Rothenberg made only one payment in the amount of $2,692.06 on December 22, 2017, and failed to make any other payments even after written demands from the bank. *Id.* ¶ 19; ECF No. 26-2 ¶¶ 10–11. Finally, the FDIC declares that "[a]s a direct and proximate result of Rothenberg's breach . . . SVB has been damaged, at least in the amount of $551,249.34." ECF No. 26-3 ¶ 22.

Accordingly, the Court finds that the FDIC is entitled to summary judgment in its favor on the second breach of contract action against Rothenberg and to damages in the principal sum of $551,249.34.

### C. Loan Agreement No. 3

The Court finds that the FDIC has proved each element of a breach of contract action with

1    respect to Loan Agreement No. 3.

2          First, the FDIC has demonstrated that there is a signed written contract between
3    Rothenberg and SVB for a $750,000 loan.  ECF No. 26-3 at 27–30.  Second, the FDIC avers that
4    SVB has performed all its obligations under Loan Agreement No. 3.  *Id.* ¶ 30.  The statement is
5    supported by account statements reflecting that SVB advanced the principal amount of $750,000
6    to Rothenberg.  *Id.* at 32; ECF No. 26-3 ¶ 24.  Third, with respect to Defendant's breach, as
7    described above, the FDIC has shown that under the terms of Loan Agreement No. 3, when
8    Rothenberg failed to repay Loan Agreement No. 1, he also breached the terms of Loan Agreement
9    No. 3.  *Id.* ¶¶ 26–29.  Furthermore, bank statements show that Rothenberg made only one payment
10   in the amount of $3,426.37 on December 22, 2017, and failed to make any other payments even
11   after written demands from the bank.  *Id.* ¶ 28; ECF No. 26-2 ¶¶ 14–15.  Finally, the FDIC
12   declares that "[a]s a direct and proximate result of Rothenberg's breach . . . SVB has been
13   damaged, at least in the amount of $749,999.77."  *Id.* ¶ 31.

14         Accordingly, the Court finds that the FDIC is entitled to summary judgment in its favor on
15   the third breach of contract action against Rothenberg and to damages in the principal sum of
16   $749,999.77.

17         In sum, the Court finds that with respect to each breach of contract action against
18   Rothenberg, the FDIC has satisfied its initial burden of production.  Rothenberg, as the nonmoving
19   party has failed to produce any evidence to show that a genuine issue of material fact exists.
20   *Nissan Fire*, 210 F.3d at 1102–1103.  Accordingly, the FDIC is entitled to summary judgment.
21   *Celotex*, 477 U.S. at 322–23.

22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

**CONCLUSION**

The FDIC's motion for summary judgment is granted.  The FDIC may also file a motion for attorney's fees within fourteen days of the date judgment is entered.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 6, 2024



_____
JON S. TIGAR
United States District Judge