UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL BRENT ROTHENBERG,<br><br>　　　　Defendant. | Case No. 23-cv-01606-JST<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 35 |

Before the Court is the Federal Deposit Insurance Corporation's ("FDIC") motion for attorney's fees. ECF No. 35. The Court will grant the motion.

## I.  BACKGROUND

This case arises out of loans that Silicon Valley Bank ("SVB") made to Defendant Michael Rothenberg's loans from Silicon Valley Bank ("SVB"). When Rothenberg failed to repay the loans, SVB filed a complaint against Rothenberg and his company, Rothenberg Ventures, LLC ("RVMC"), in Santa Clara Superior Court on February 13, 2019. Complaint, *Silicon Valley Bank v. Rothenberg*, No. 19-cv-343267 (Cal. Super. Ct. Feb. 13, 2019) (ECF No. 1-1 at 8–20).

SVB originally alleged five causes of action—three breach of contract claims against Rothenberg based on his failure to repay three loans, and two breach of written guaranty claims against RVMC. *Id.* On August 18, 2021, SVB requested, and the Superior Court granted, dismissal of its claims against RVMC. Request for Dismissal, *Silicon Valley Bank v. Rothenberg*, No. 19-cv-343267 (Cal. Super. Ct. Aug. 18, 2021) (ECF No. 1-3 at 7).

On March 10, 2023, the California Department of Financial Protection and Innovation closed SVB and appointed the FDIC as SVB's receiver. ECF Nos. 27-1, 27-2. As receiver, the FDIC succeeded to SVB's rights and liabilities, including SVB's status as the Plaintiff in this

1  action. 12 U.S.C. §§ 1821(d)(2)(A) and (B); *see also* ECF No. 26-5 ¶ 2.

2  On April 4, 2023, the FDIC filed a notice of removal to this Court pursuant to 12 U.S.C.
3  § 1819(b)(2)(B). ECF No. 1. On March 29, 2024, the FDIC filed a motion for summary judgment
4  on the remaining three breach of contract causes of action. ECF No. 26. On June 6, 2024, the
5  Court granted the motion and the Clerk entered judgment. ECF Nos. 31, 32.

6  On June 20, 2024, the FDIC filed the present motion for attorney's fees. ECF No. 35.
7  Defendant did not file an opposition or otherwise respond. The FDIC requests an award of
8  attorney's fees in the amount of $117,986.70, including fees incurred in preparing this motion and
9  the reply brief. ECF No. 40 at 3.

## II.   LEGAL STANDARD

"The general American rule is that the prevailing party may not recover attorney's fees absent express provision of a contract or statute or exceptional circumstances warranting the exercise of equitable powers." *Hannon v. Sec. Nat. Bank*, 537 F.2d 327, 328 (9th Cir. 1976). "State law governs the enforceability of attorney's fees in contract provisions." *Makreas v. First Nat'l Bank of N. California*, No. 11-cv-02234-JST, 2014 WL 2582027, at *2 (N.D. Cal. June 9, 2014).

Section 1717 of the California Civil Code permits the recovery of attorney's fees in contract actions and provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The trial court shall also "determine who is the party prevailing on the contract." Cal. Civ. Code § 1717(b)(1).

## III.   DISCUSSION

"A party seeking recovery of attorneys' fees under Section 1717(a) must show that: (1) a contract authorizes such fees; (2) the moving party is the prevailing party; and (3) the fees incurred are reasonable." *Simulados Software, Ltd. v. Photon Infotech Priv., Ltd.*, No. 5:12-cv-04382-EJD,

2020 WL 2994126, at *2 (N.D. Cal. June 4, 2020), *aff'd*, 861 F. App'x 149 (9th Cir. 2021) (internal citation and quotation marks omitted).

### A. The FDIC Is Entitled to Attorney's Fees

The FDIC seeks attorney's fees under three loan agreements, ECF No. 35 at 4, which the Court summarizes briefly as follows.

On August 11, 2014, pursuant to a written promissory note, SVB lent Rothenberg $300,000 ("Loan Agreement No. 1"). ECF No. 38-1 ¶¶ 4–5; *see also* ECF No. 38-1 at 8–10. On February 26, 2015, pursuant to a written agreement titled "Credit Agreement and Disclosure," Rothenberg received a non-revolving line of credit under which SVB lent Rothenberg $562,500 ("Loan Agreement No. 2"). ECF No. 38-1 ¶¶ 12–13; *see also* ECF No. 38-1 at 16–20. Finally, on December 17, 2015, pursuant to another written agreement titled "Credit Agreement and Disclosure," Rothenberg received a non-revolving line of credit pursuant to which SVB lent Rothenberg $750,000 ("Loan Agreement No. 3"). ECF No. 38-1 ¶¶ 23–24; *see also* ECF No. 38-1 at 27–30.

All three loan agreements was required Rothenberg to pay the lender's attorney's fees and costs in the event of loan nonpayment. Loan Agreement 1 provided that:

> ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. I also will pay any court costs, in addition to all other sums provided by law.

ECF No. 38-1 at 9. Similarly, Loan Agreements 2 and 3 provided that:

> Collection Costs. We may hire or pay someone else to help collect on this Agreement if you do not pay. You will pay us that amount. This includes, subject to any limits under applicable law, our attorneys' fees and our legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. You also will pay any court costs, in addition to all other sums provided by law.

ECF No. 38-1 at 18, 29.

Pursuant to these provisions, because the Court granted summary judgment to the FDIC,

the FDIC is entitled to its attorney's fees and costs in connection with its claims enforcing the loan agreements between the parties. Cal. Civ. Code § 1717(a); *Citrus El Dorado LLC, v. Stearns Bank*, No. SA-09-CV-1462-(DOC)RNBX, 2016 WL 7626583, at *3 (C.D. Cal. Apr. 18, 2016) (awarding attorney's fees in connection with the enforcement of a loan agreement).

### B.     Attorney's Fees are Reasonable

Having concluded that the FDIC is entitled to attorney's fees under the loan agreements, the court must next determine the amount of fees the FDIC can recover.

The starting point for determining reasonable attorney's fees is the "presumptive lodestar figure" which is calculated by "multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

#### 1.     Billing Rates

The FDIC submits a declaration from its attorney, Laura C. Hurtado, who states that the average billing rates charged by FDIC's attorneys over the life of the case were as follows: $829 for the most senior partner, who has over 40 years of experience (since retired); $845 for another partner, who has over 15 years of experience; $720 for a senior associate with six years of experience; and $555 for a junior associate with three years of experience. ECF No. 36 ¶¶ 9–16.

"When determining an attorney's reasonable hourly rate, courts weigh the 'experience, skill, and reputation of the attorney requesting fees,' and compare the requested rates to prevailing market rates of the relevant community." *Funk v. Bank of Hawaii*, No. 20-cv-01378-BLF, 2020 WL 3503881, at *2 (N.D. Cal. June 29, 2020) (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). In this case, the "relevant community" for comparing reasonable attorney rates is the Northern District of California. *Id.* "District courts in Northern California have found that rates of $475–$975 per hour for partners and $300–$490 per hour for associates are reasonable." *Miletak v. AT&T Servs., Inc.*, No. 12-cv-05326-EMC, 2020 WL 6497925, at *6 (N.D. Cal. Aug. 3, 2020); *see also In re Magsafe Apple Power Adapter Litig.*, No. 5:09-cv-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (finding that "in the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510.").

4

The rates requested by FDIC's counsel, "while high, are within the prevailing market rates for similar cases in the Northern District." *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (finding reasonable "rates ranging from $355 to $1,095 per hour for partners and associates.").

### 2.   Hours Claimed

"The Court next considers the reasonableness of the hours expended. A court cannot 'uncritically' accept a party's representations; rather, it must assess the reasonableness of the hours requested." *Funk*, 2020 WL 3503881, at *2 (citing *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984)).

FDIC's attorneys contend that they spent a total of 132.1 hours pursuing this litigation. ECF No. 35 at 6; *see also* ECF Nos. 38-7 to 38-34 (timesheets from attorneys). "This time included initial research and investigation prior to filing the complaint; discovery in the State Court Action; all conferences here and in the State Court Action; and filing motions for summary judgment both here and in the State Court Action." ECF No. 35 at 6. In support of its application, the FDIC notes that the litigation "spanned two courts and five years." *Id.* Additionally, the FDIC includes an additional 31.9 hours for preparing the attorney's fees motion. ECF No. 40 at 2; *see also* ECF No. 40-2.

The Court has reviewed the attorneys' billed hours and finds that the total number of such hours is reasonable given the length of the litigation, the pendency of state court proceedings, and the total amount of motion practice required to conclude the case.

### 3.   The Lodestar Figure

While the requested hours and the billing rates are reasonable, the Court finds arithmetic errors in calculating the ultimate lodestar figure. Attorney Kenneth Keller charged $808 per hour in 2021. ECF No. 36 ¶ 12. However, certain time entries in Exhibit G6 reflect slightly higher billing rates. ECF No. 38-12. For example, the time entries for 0.3 hours for attorney Keller reflect a fee of $251.80, consistent with an (inflated) hourly rate of $839.33. ECF No. 38-12. Applying the proper billing rate of $808 yields a fee for that entry of $242.40. The Court has found and corrected five such erroneous entries, resulting in a downward adjustment of $47.

**CONCLUSION**

For the reasons set forth above, the Court grants the FDIC's motion for attorney's fees and awards the amount of $117,939.7.

**IT IS SO ORDERED.**

Dated: November 20, 2024



JON S. TIGAR
United States District Judge